### JOSEPH LALLANDE *v.* WILLIAM G. HOPE.

A notice of dishonor of a draft to the drawer at the Post Office nearest his residence, is sufficient.
The laws of Louisiana do not require witnesses to protests, made by a Notary Public, of Bills of
Exchange, promissory notes, or orders for the payment of money.

APPEAL from the Parish of St. Helena, *Martin,* J.
    *E. P. & C. W. Ellis,* for plaintiff.

*D. N. Hennen,* for *defendant and appellant.*—The defendant and appel-
lant, who is the drawer and payee of the bill of exchange sued on,
maintains that there is error in the judgment against him ; in this :

I. That the notice of protest was directed to the wrong post office.
The testimony of Weil (plaintiff's witness), late post master at Arcola,
shows that defendant receives his letters at Arcola. The certificate of the
notary shows notice was addressed to defendant at "Prospect Hill;"
shows that formerly the office was called "Prospect Hill;" as to the time
when, he is not precise; it may be nine months, and upwards of that time.
The plaintiff should make his case certain (legally), and not probable.
The obligation of the drawer and endorser is conditional; that due notice
be given him of the bill's dishonor by the acceptor ; proof of that fact is
a condition precedent to recovery. Burden of proof on plaintiff to show
that the condition has been complied with.

II. The evidence that notices of protest were sent, rests upon a certifi-
cate of a notary. By law effect is given to such certificate as complete
proof of notices on certain forms or conditions. That is, that the certifi-
cate of the notary be signed by two witnesses. This is to prevent its
being ante-dated. This is the law of 1821 and 1827 (Sessions Acts),
re-enacted. See Revised Statutes p, 45 §§ 7, 8.

These two provisions are not inconsistent, although no mention is made
in the latter section (§ 8 ) as to the two witnesses. See 19 La. p. 449,
*Gaslight Company* v. *Nutall.*

The above point should have been made as to the protest ; that has no
witnesses to it.

III. Lastly, if we fail in our appeal, no damages for frivolous appeal
can be recovered ; the appeal was devolutive, and plaintiff has not been
delayed in executing the judgment. 18 L. 31.

HYMAN, C. J. Defendant has appealed from a judgment rendered
against him as drawer of a draft, condemning him to pay its amount, in-
terest, cost of protest, and cost of suit.

He sets forth two grounds of defence in this Court.

The first is, that the notice of protest was directed to the wrong post
office. The evidence is that the post office nearest his residence, at the
time the notice of dishonor of the draft was sent through the mail, was
"Pleasant Hill," and that the notice was addressed and directed to him at
"Prospect Hill," La.

The defendant must have mistaken the evidence. ·

The second ground of defence is, that the protest of the notary had no witnesses to it.

The laws of Louisiana do not require witnesses to protests, made by a notary public, of bills of exchange, promissory notes, or orders for the payment of money. See eighth section of "An act relative to bills of exchange and promissory notes," approved March 9, 1855. 9 Robinson's Reports, 243.

Judgment affirmed, with costs.